[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OF MOTION FOR SUMMARY JUDGMENT
On March 6, 1996, the plaintiff, Paul Kochiss, filed a small claims action against the defendants, David and Violet Goldman, seeking monetary recovery for work performed in the construction of the defendants' residence. The plaintiff alleges he was hired by one Dellaquila as a subcontractor for construction of the defendants' dwelling. Construction of this residence was completed to the sheet rock stage when the said Dellaquila last performed work on their residence. At that time, the Goldmans had paid Dellaquila the sum of $247,500 and refused to make any further payments for said work. The said plaintiff claims that Dellaquila never paid him for the work he performed and that the defendants have also not paid him. The defendants claim that this plaintiff was hired by Dellaquila and that he has never filed a mechanic's lien for the work or services CT Page 7972 performed on their premises. The plaintiff is seeking recovery on the basis of unjust enrichment against the defendant homeowners.
On December 29, 1997, the defendants filed a motion for summary judgment, accompanied by a memorandum of law and their signed affidavits. The plaintiff, on January 20, 1998, filed an objection to the defendants' motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 189, 202,663 A.2d 1001 (1995), quoting Practice Book § 384. "In passing on a motion for summary judgment, the trial court [is] limited to deciding whether an issue of fact exist[s], but it [cannot] try that issue if it [does] exist." Batich v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
The Goldmans claim there is no genuine issue of material fact as to their liability under the claims of unjust enrichment and quantum meruit. It is their claim that they paid the general contractor pursuant to the contract. (Paragraph 9 of the Goldman affidavit). In fact, it is their claim that they paid the general contractor in excess of the amount due under the contract so that, in the absence of fraud, they are entitled to judgment on the plaintiff's claim of unjust enrichment. As recited in BarrettBuilders v. Miller, 215 Conn. 316, 317 fn. 1, "[t]he plaintiff had denominated its cause of action . . . as a claim of quasi contract, quantum meruit and unjust enrichment. . . . These three theories, each based on common law principles of restitution, are noncontractual actions by which a party may recover despite the absence of a valid contract." The defendants, in their affidavits, stated, "I did not enter in a contract of any kind with the plaintiff." (Paragraph 12).
Although a recovery for unjust enrichment requires the plaintiff to prove (1) that the defendants were benefitted [benefited]; (2) that the defendants unjustly did not pay the plaintiffs for the benefit; and (3) that the failure of payment was to the plaintiffs' detriment." Barbara Weisman, Trustee v. Kaspar,233 Conn. 531, 550, 661 A.2d 530 (1995). Here, there is question of fact as to whether these defendants were unjustly enriched by reason of the work performed and completed by the plaintiff.
CT Page 7973
There appears to be conflicting evidence as to whether this plaintiff deserves to recover under the quantum meruit or unjust enrichment theory. Since this gives rise to an issue of fact, the defendants' motion for summary judgment is denied.
GROGINS, J.